# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Mahmoud Ibrahim, | ) | CASE NO. 1:17 CV 264 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Mark Hooks, Warden, | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Respondent. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II (Doc. 10), which recommends dismissal of the Petition for Writ of Habeas Corpus (Doc. 1) pending before the Court. Petitioner Mahmoud Ibrahim filed Objections (Doc. 12) to the Report and Recommendation. For the reasons that follow, the Report and Recommendation is ACCEPTED.

**FACTS**

In April 2013, a grand jury indicted Petitioner on four counts of rape and three counts of kidnapping. The first, third, fourth, and sixth counts charged him with rape of a child under the

1

age of ten, in violation of Ohio Rev. Code § 2907.02(A)(1)(b).  The second, fifth and seventh counts charged him with kidnapping with a sexual motivation specification, in violation of Ohio Rev. Code § 2905.01(A)(4).  The indictment charged that the crimes occurred between July 2009 and November 2009.  The case proceeded to trial in 2014.  At trial, the victim's testimony showed that the first three incidents would have occurred in the spring, summer, and winter of 2008.  The fourth incident occurred in 2009.  At the conclusion of the trial, a Cuyahoga County jury returned a verdict finding Petitioner guilty on all counts.  At sentencing, the trial court merged the kidnapping charges with the rape charges and sentenced Petitioner to fifteen years to life in prison on each rape charge, all to be served concurrently.

Petitioner filed a timely notice of appeal on October 27, 2014, in which he raised four assignments of error.  The Eighth District Court of Appeals affirmed the trial court's judgment.  Petitioner filed a timely appeal to the Ohio Supreme Court.  On February 10, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal.

Petitioner filed his federal habeas petition in February 2017.  The petition raises three grounds for relief.  Magistrate Judge James R. Knepp, II issued a Report and Recommendation, which recommends dismissal of the habeas petition.  Petitioner objects only to the recommended denial of Claim 1.  Petitioner concedes that Claim 2 is procedurally defaulted, and does not raise any objections as to Claim 3.

**STANDARD OF REVIEW**

Rule 8(b) of the Rules Governing § 2254 cases in the United States District Courts provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made."  *See also Thomas v. Arn.,* 474 U.S. 140, 149-52 (1985).  The judge may

accept, reject, or modify any proposed finding or recommendation.

As stated in the Advisory Committee Notes, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." In *Thomas*, the Court held, "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." 474 U.S. at 150.

**DISCUSSION**

**A. Claim 1**

Petitioner argues that the evidence presented at trial was insufficient to establish that the charged offenses occurred during the dates set forth in the indictment and that this insufficiency violated his right to due process. The Eighth District Court of Appeals considered Petitioner's sufficiency claim on direct appeal and rejected it, finding that, "[a]n indictment charging sexual offenses against children need not state with specificity the dates of the alleged abuse; some latitude and inexactitude is allowed with respect to the timing of these offenses." *State v. Ibrahim,* 2015 WL 4979400, *6 (Ohio 8th Dist. Aug. 20, 2015). It reasoned that "[t]his is because many young victims are simply unable to remember the dates, particularly when the repeated offenses take place over an extended period of time." *Id.* (internal citations omitted).

In considering a sufficiency of the evidence claim, the Court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, [any] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319

3

(1979)). On habeas review, this Court must apply a "double deference" standard: first, the deference is accorded to the trier of fact's verdict, as contemplated in *Jackson*; second, deference is accorded to the state court's consideration of the trial verdict, as dictated by the AEDPA. *Id.; see also Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (finding that a habeas court must defer to the state appellate court's sufficiency determination so long as it is not unreasonable).

Petitioner argues that this Court should not give deference to the state appellate court's decision in *Ibrahim* because that decision was an "outlier ruling" that contradicts Ohio law. Petitioner argues that there is no precedent for the *Ibrahim* court's finding that "[t]he inexactness [of the indictment] was not detrimental to [Petitioner's] defense because he maintained at trial that the sexual abuse never occurred." Petitioner argues that no Court has held that when a defendant maintains his innocence, the dates named in the indictment are immaterial. Moreover, Petitioner reasons that, despite the state court determination of facts, the testimony shows that the incidents took place as early as 2007 and as late as 2011, i.e., two years before or after the five-month period in the indictment. Petitioner asserts that no Ohio court has held that a time differential of this magnitude is permitted. Rather, Ohio courts recognize that the state must establish that the offense occurred within a reasonable time in relation to the dates fixed in the indictment. However, the state court finding that the rapes occurred in 2008 and 2009 is presumed correct and supported by the testimony. Moreover, it is not this Court's role to sit as an additional appellate court. *See Allen v. Morris,* 845 F.2d 610, 614 (6th Cir. 1988). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas." *Bradshaw v. Richey,* 546 U.S. 602, 604 (2005).

4

Petitioner further argues that "Ohio has created a liberty interest by the established precedent and its own constitution," and that his due process rights were violated by his conviction, given the discrepancy between the dates set forth in the indictment and the dates that emerged from trial testimony. Petitioner cites *Hicks v. Oklahoma,* 447 U.S. 343, 346 (1980) and *Fox v. Coyle,* 271 F.3d 658, 666 (6th Cir. 2001) to support his argument. In *Hicks,* an Oklahoma statute provided that a convicted defendant was entitled to have his sentence determined by a jury. *Id.* at 345. The jury in the petitioner's case, however, had been instructed to impose a sentence of forty years. *Id.* The Supreme Court held that the petitioner had a substantial and legitimate expectation that he would be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, and that the state court's failure to allow the jury to exercise that discretion constituted a denial of due process. *Id.* The Sixth Circuit in *Fox* reiterated the Supreme Court's holding, noting that "[a] defendant's due process rights may also be infringed upon by a state's failure to adhere to its own sentencing statute."

*Hicks* and *Fox* do not help Petitioner here. As the Magistrate Judge pointed out, the Sixth Circuit has held that "there is no constitutional right in a state prosecution to a grand jury indictment with particular specificity." *Williams v. Haviland,* 467 F.3d 527, 534 (6th Cir. 2006); *Madden v. Tate,* 1987 WL 44909, *3 (6th Cir. Sept. 30, 1987) ("Failure to specify the precise dates upon which the alleged crimes occurred does not deprive the defendant of his constitutional right to due process where time is not of the essence of the offense and where the dates used are not picked arbitrarily."); *Thompson v. Bradshaw,* 2007 WL 2080454 at *28 (N.D. Ohio July 16, 2007) ("Thompson has not established that the precise date was material to his defense or interfered with his ability to defend himself. Therefore, despite the lack of specific

5

dates in the indictment, Thompson was not deprived due process.").

**B. Claims 2 and 3**

Petitioner has raised no objection to the Magistrate Judge's recommendation of dismissal of Claims 2 and 3. This Court, having reviewed the Report and Recommendation as to these two claims and finding no clear error, accepts the Magistrate Judge's Report and Recommendation and dismisses Claims 2 and 3.

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed. To the extent that Petitioner has requested an evidentiary hearing, the Court denies his request as unnecessary. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Dated: 12/11/18        Chief Judge